Filed 9/13/13  P. v. Fraher CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058260 |
| v. | (Super.Ct.No. FVI012407) |
| CECILIA AGNES FRAHER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Jamie Popper, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

# INTRODUCTION

On April 25, 2001, an information charged defendant and appellant Cecilia Agnes Fraher with three counts of murder under Penal Code section 187, subdivision (a)[1] (counts 1-3), and three counts of gross vehicular manslaughter while intoxicated under section 191.5, subdivision (a) (counts 4-6). The information also alleged a prior Vehicle Code section 23152, subdivision (a), conviction within the meaning of section 191.5, subdivision (d) (counts 4-6); however, according to the September 27, 2002, probation officer's report, on motion of the People, the trial court struck the prior allegation on August 14, 2002.

On August 30, 2002, a jury convicted defendant of all charges. On March 28, 2003, the trial court sentenced defendant to a total indeterminate term of 45 years to life in state prison.

On December 24, 2012, defendant filed a petition to modify her sentence under the Three Strikes Reform Act of 2012. (§ 1170.126.) On January 14, 2013, the trial court denied the motion without appearances; it found that section 1170.126 did not apply to defendant.

On March 1, 2013, defendant filed a timely notice of appeal.

---

[1] All statutory references are to the Penal Code unless otherwise specified.

## STATEMENT OF FACTS

The facts of the underlying offenses are not relevant to this appeal. In sum, defendant was involved in a traffic collision, which caused the deaths of three people.

## ANALYSIS

After defendant appealed, and upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and she has done so. On June 17, 2013, defendant submitted a five-page typewritten brief with three exhibits. In her supplemental brief, defendant discusses: (1) the facts of the underlying case regarding her culpability in causing the accident (i.e., she was on numerous medications because of her heart surgery in 1998); (2) the jury instructions that were given regarding her culpability in the underlying trial; and (3) ineffective assistance of counsel and prosecutorial misconduct in the underlying case.

Notwithstanding defendant's assertions, this appeal is from the trial court's denial of her motion for modification of sentence. This is not an appeal from the underlying convictions; those appeals have already been exhausted. (See *People v. Fraher* (May 21, 2004, E033506) [nonpub. opn.].) Even defendant admits in her supplemental brief that her "conviction withstood direct appeal and habeas in both state and federal courts."

3

On December 24, 2012, almost 10 years after defendant was sentenced, she filed a petition for modification of her sentence. On January 14, 2013, the trial court denied the motion, stating in the minute order that defendant's current commitment offenses are three counts of murder and ruling that defendant is ineligible for resentencing under section 1170.126.

In her motion for modification of sentence, defendant claimed that her sentence should be modified to "reverse a strike." However, no strike was applied. As noted *ante*, the information alleged a prior conviction, which the trial court struck on the prosecution's motion. Defendant was convicted of three second degree murder charges and three gross vehicular manslaughter while intoxicated charges. She was sentenced to an indeterminate term of 45 years to life in state prison on those charges.

We have conducted an independent review of the record and find no arguable issues.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
                                                                    J.

We concur:


HOLLENHORST
            Acting P. J.

KING
            J.

4